Mr. Justice Nott
delivered the opinion of the court:
The law is too well settled to be questioned at this day, that less than three persons cannot commit a riot. If, therefore, any number of persons are indicted, and all but one or two are acquitted, judgment cannot be rendered against those who are convicted, unless the act be charged to have been committed with other persons unknown.— But if it be charged in the indictment, and proved, that there were other persons concerned, who were unknown, the conviction is good. In the case now under consideration, the indictment charges the offence to have been committed with “ divers other persons to the jurors unknown.” On the face of the indictment, therefore, there does not appear to be any legal objection to the conviction. It did not appear from the testimony that the domesticks were slaves, or even that they wrnre black per-# sons. That is an inference drawn from the fact that there are few servants in this county except of that description, and from the universal understanding, that when a servant is spoken of, a person of color is meant. But if we allow to the word its usual acceptation, the result will be the same. In the case of the State vs. Thackam & Mayson, (1 Bay, 358,) it was decided that a negro might be a party to a riot, so as to render the other person or persons concerned guilty, though not amounting to three in number ; and this was not a nisi prius case, as is supposed, but is a decision of the Constitutional Court. It is not said in so many words in that case, that the negro was a slave, yet it seems to be inferrible from the whole case# *465 taken together, and the decision of the court certainly does not contemplate any distinction between a free man of color and a slave. There does not, therefore, appear any-ground on which the judgment can be arrested. But it does not appear that the servants were unknown. If they were known, it should have been stated who they were. If they were not known, that allegation ought to have been proved. But even if it had been proved that they were unknown, I think the evidence would not have been sufficient to have authorized a conviction. There was no such evidence of combination or agency on their part as would have implicated them. Besides the whole course of the examination was directed to the conviction oí the persons mentioned in the indictment, with little reference to those who were represented as unknown. The servants appeared to be only incidentally mentioned, without any apparent intention of procu ring a conviction, on theground of an association with them. I think, therefore, that the verdict, so far as it relates to the conviction for a riot; ought to be set aside. Mr. Calder, however, is convicted on the second count for an assault. That was a question for the consideration of the jury, and I think the charge was sufficiently supported. The motion,for a new trial on that count is, therefore, refused.
Hunt Crafts, for the motion.
Petigru, Att’y Gen; contra.
Justices Richardson, Gantt and Johnson, concurred.-